Creditable service alone does not entitle a federal employee to CSRS annuity. In addition to at least five years of creditable service, "at least one of the two years prior to separation must be 'covered service,' i.e., service that is subject to the Civil Service Retirement Act." *Quiocson*, 490 F.3d at 1360. Mr. Famularcano's service was rendered exclusively under temporary and indefinite appointments, which are excluded from CSRS retirement coverage under OPM regulations. *Id.* (citing 5 C.F.R. § 831.201(a)).

We have considered Ms. Famularcano's remaining arguments, but find them unpersuasive. We therefore affirm the Board's decision denying her request to make a CSRS deposit and for survivor annuity benefits.

### COSTS

No costs.

Philip P. Mann, Mann Law Group, of Seattle, WA, for plaintiff-appellee. Of counsel on the brief was John E. Whitaker, Whitaker Law Group, of Seattle, Washington.

Lawrence D. Graham, Black Lowe & Graham PLLC, of Seattle, WA, argued for defendants-appellants. With him on the brief was Douglas A. Grady.

Before BRYSON, GAJARSA, and PROST, Circuit Judges.

### Judgment

PER CURIAM.

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

AFFIRMED. *See* Fed. Cir. R. 36

**Paul N. NELSON, Plaintiff–Appellee,**

v.

**K2 INC. and K–2 Corporation, Defendants–Appellants.**

No. 2009–1361.

United States Court of Appeals, Federal Circuit.

Feb. 5, 2010.

**MARS INCORPORATED and MEI, INC., Plaintiffs–Appellees,**

v.

**JCM AMERICAN CORP. and Japan Cash Machine Co., Ltd., Defendants–Appellants.**